UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| HELPFUL HOUND, L.L.C. | Civil Action No. 18-3500 |
| v. | *Consolidated with* |
| NEW ORLEANS BUILDING CORP., ET. AL. | Civil Action No. 18-3594 |
|  | Section R (Judge Sarah S. Vance) |
|  | Division 2 (Magistrate Judge Joseph C. Wilkinson, Jr.) |

**The City of New Orleans and New Orleans Building Corporation's Answer, Affirmative Defenses, and Counterclaim to Complaint for Declaratory Judgment**

New Orleans Building Corporation ("NOBC") and the City of New Orleans (the "City"), Defendants in Civil Action No. 18-3500 (collectively referred to herein as the "City Defendants") respond to the Complaint for Declaratory Judgment filed by Helpful Hound, L.L.C. ("Helpful Hound"), Plaintiff in Civil Action No. 18-3500, on April 3, 2018 (R. Doc. 1) ("Helpful Hound's Complaint"), as follows:

**AFFIRMATIVE DEFENSES**

FIRST DEFENSE

Helpful Hound is not entitled to the relief sought. Instead, the City and NOBC are entitled to the relief sought in their Complaint filed on April 4, 2018. *See* Civil Action No. 18-3594, R. Doc. 1.

SECOND DEFENSE

Helpful Hound's claims are barred by the doctrine of estoppel.

1

THIRD DEFENSE

Helpful Hound's claims are barred by the doctrine of unclean hands.

FOURTH DEFENSE

Helpful Hound's claims are barred by licensee estoppel.

FIFTH DEFENSE

The City and NOBC reserve the right to amend this Answer, Affirmative Defenses, and Counterclaim to Helpful Hound's Complaint to assert any additional defenses, if and when, in the course of their investigation, discovery, or preparation for a preliminary injunction hearing and/or trial, such defenses become known and/or it otherwise becomes appropriate to assert such affirmative defenses.

## ANSWER

1.      The City Defendants admit that Helpful Hound purports to state a claim for declaratory judgment under federal law. The City Defendants otherwise deny the allegations of paragraph 1 of Helpful Hound's Complaint.

2.      The City Defendants admit that this Court has subject matter jurisdiction over this case. The City Defendants otherwise deny the allegations of paragraph 2 of Helpful Hound's Complaint.

3.      The City Defendants admit that venue is proper in this District. The City Defendants otherwise deny the allegations of paragraph 3 of Helpful Hound's Complaint.

4.      The City Defendants admit that this Court has personal jurisdiction over them. The City Defendants otherwise deny the allegations of paragraph 4 of Helpful Hound's Complaint.

## THE PARTIES

5.      The allegations set forth in paragraph 5 of Helpful Hound's Complaint are admitted.

6.      The allegations set forth in paragraph 6 of Helpful Hound's Complaint are admitted.

7.      The allegations set forth in paragraph 7 of Helpful Hound's Complaint are admitted.

**THE FACTS**

8.      The allegations set forth in paragraph 8 of Helpful Hound's Complaint are denied as written. While the St. Roch Market building is found at the location described in paragraph 8, and more specifically at 2381 St. Claude Avenue, New Orleans, Louisiana, the allegations of paragraph 8 are denied insofar as they suggest that St. Roch Market is only a building, not a trademark used in commerce.

9.      The allegations set forth in paragraph 9 of Helpful Hound's Complaint are admitted.

10.     The allegations set forth in paragraph 10 of Helpful Hound's Complaint are denied as written. The City Defendants admit that the street (Washington Avenue) and neighborhood (New Marigny) were renamed as "St. Roch" in the 1870s; however, the language "early 1870s" is denied for lack of sufficient information to justify a belief therein. The City Defendants admit that the market itself was renamed "St. Roch Market" but deny that the name change occurred in the early 1870s. According to the City's records, the Washington Market was renamed "St. Roch Market" sometime between 1875 and 1896 and that name has been used in commerce by the City ever since.

11.     The allegations set forth in paragraph 11 of Helpful Hound's Complaint are denied as written. The City Defendants admit that the St. Roch Market building has been renovated several times during its history. The City Defendants deny that the market was renamed "St. Roch Market" in 1875; according to the City's records, it was renamed "St. Roch Market" sometime between 1875 and 1896. The City Defendants admit that the St. Roch Market building was renovated after World War I, in the 1930s, and again between 2012 and 2014; however, the City Defendants deny

3

the allegations of paragraph 11 insofar as they omit mention of an additional renovation of the St. Roch Market building after World War II.

12.     The allegations of paragraph 12 of Helpful Hound's Complaint are denied as written. The City Defendants admit that between the St. Roch Market's inception and the 1940s, it was operated as a multi-vendor market selling fresh produce, prepared foods, butchered items, and other items. However, based on the City's records, the Lamas began operating a fish market and po-boy restaurant at the St. Roch Market beginning in 1945.

13.     The allegations of paragraph 13 of Helpful Hound's Complaint are denied as written. The City Defendants deny that the building was renovated in 1947; to the best of the City's knowledge, the St. Roch Market building was renovated after World War II, and beginning in 1945, the Lamas began operating a fish market and po-boy restaurant there. The City Defendants further deny that the St. Roch Market building "was renovated to become the popular Lama's Supermarket[;]" rather, beginning in 1954 and through the 1990s, the Lamas operated a supermarket in the St. Roch Market building. The City Defendants deny the remaining allegations of paragraph 13 regarding the Lamas' relocation to (and within) Mandeville for lack of sufficient information to justify a belief therein, and further state that the Lamas were tenants at the St. Roch Market building into the 1990s.

14.     With respect to the allegation in paragraph 14 that by the 1990s, the St. Roch Market building had fallen into disrepair, the City Defendants deny that allegation insofar as it suggests that the building and the St. Roch Market trademark were not in use during that time period and otherwise deny this allegation for lack of sufficient information to justify a belief therein. With respect to the remaining allegations in paragraph 14, the City Defendants admit that the tenant operated a po-boy and seafood restaurant and Chinese food restaurant in the St. Roch

4

Market building between the 1990s and 2005.

15.     The City Defendants admit that St. Roch Market did not immediately reopen after Hurricane Katrina, due to substantial flooding and damage to the building, and that between 2005 and 2015, the St. Roch Market building was not occupied or operated by a tenant. However, the City Defendants deny that the St. Roch Market building "was gutted but sat vacant" for 10 years after Katrina. The City's complete restoration of the St. Roch Market building began in 2012 and was completed in early 2014. The City Defendants further deny the allegations of paragraph 15 insofar as they suggest that the St. Roch Market building and/or mark were abandoned by the City during the years following Hurricane Katrina. To the contrary, the City always intended after Hurricane Katrina to rehabilitate and restore the St. Roch Market building and worked for many years toward that end, first on obtaining the necessary funding and then on finding an appropriate tenant.

16.     The City Defendants admit that NOBC leased the St. Roch Market building to Bayou Secret in September 2014 after obtaining federal (FEMA and CDBG) funding for the restoration. However, the City Defendants deny that state funding was obtained or used for the restoration; in addition to the federal funding, over $555,000 in City funds were committed to the restoration. In addition, the City Defendants deny that St. Roch F&B, L.L.C. ever became the tenant under the 2014 lease; Bayou Secret never provided notice of its name change to NOBC, the 2014 Lease was never amended to reflect a change in tenant, and NOBC did not authorize the assignment or transfer of the lease or any rights relating thereto from Bayou Secret to St. Roch F&B.

17.     The City Defendants admit that after the 2014 lease was signed, and after the City's $3.25 million renovation of the St. Roch Market building to white box condition was complete,

Bayou Secret completed an interior build out of the St. Roch Market building. The City Defendants

otherwise deny the allegations of paragraph 17 of Helpful Hound's Complaint.

18.     The City Defendants admit the allegations of paragraph 18 of Helpful Hound's

Complaint insofar as Bayou Secret is responsible for the operations of the food hall at St. Roch

Market. However, the City Defendants deny the allegations of paragraph 18 insofar as they suggest

that the City lacks any control over such operations; to the contrary, pursuant to the terms of the

2014 lease, the City, acting by and through NOBC, possesses key rights over quality control and

operations.

19.     The City Defendants admit that Bayou Secret has operated a multi-vendor food hall

at St. Roch Market since April 2015, but deny that Bayou Secret has done so since execution of

the lease in September 2014. The City Defendants otherwise deny the allegations of paragraph 19

of Helpful Hound's Complaint insofar as they contain a subjective description and assessment of

the business operated by Bayou Secret.

20.     The City Defendants deny the allegations of paragraph 20 of Helpful Hound's

Complaint. While neither NOBC or the City is involved in the day-to-day operations of the food

hall at the St. Roch Market building, pursuant to the terms of the 2014 lease, NOBC possesses key

rights as to quality control and operations.

21.     The City Defendants deny the allegations of paragraph 21 of Helpful Hound's

Complaint. The terms of the 2014 lease do not permit the use of the St. Roch Market mark in any

location other than the St. Roch Market building at 2381 St. Claude Avenue. The City Defendants

admit that the lease does not contain an explicit reference to the ownership of intellectual property

rights.

22.     The City Defendants deny the allegations of paragraph 22 of Helpful Hound's

Complaint for lack of sufficient information to justify a belief therein. The City Defendants further deny the allegations of paragraph 22 insofar as they suggest that any rights of Bayou Secret under the 2014 lease were or could be transferred by Bayou Secret to Helpful Hound without notice to or approval from NOBC.

23.     The City Defendants admit that the principals of Helpful Hound opened a similar market in Miami using the St. Roch Market mark, but deny that the principals of Helpful Hound had the right to use that mark under the 2014 lease or on any other basis. The City Defendants admit that the principals of Helpful Hound have opened a market called Auction House Market in New Orleans and that the Auction House Market is not currently using the St. Roch Market mark; however, the St. Roch Market mark was used on a marketing banner on that market in December 2017 prior to NOBC's raising the issue with Bayou Secret. The City Defendants otherwise deny the allegations of paragraph 23 of Helpful Hound's Complaint for lack of sufficient information to justify a belief therein.

24.     The City Defendants deny the allegations of paragraph 24 of Helpful Hound's Complaint.

25.     The City Defendants deny that Bayou Secret possessed any rights to the St. Roch Market mark that it could have granted to Helpful Hound, and otherwise denies the allegations of paragraph 25 of Helpful Hound's Complaint for lack of sufficient information to justify a belief therein.

26.     The City Defendants admit that on September 19, 2017, Helpful Hound registered the St. Roch Market mark on the Supplemental Register, but deny that Helpful Hound had the right to register the mark.

27.     The City Defendants admit the allegations of paragraph 27 of Helpful Hound's

Complaint.

28.     The City Defendants deny the allegations of paragraph 28 of Helpful Hound's Complaint.

29.     The City Defendants deny the allegations of paragraph 29 of Helpful Hound's Complaint. Any goodwill that has accrued from the use of the St. Roch Market mark by Bayou Secret under the 2014 lease has inured to the benefit of the City, and Bayou Secret does not have any right, title, or interest in the St. Roch Market mark apart from its limited right to use inside the St. Roch Market building during the term of the 2014 lease.

## CLAIM FOR RELIEF - DECLARATORY JUDGMENT

30.     The allegations of paragraph 30 of Helpful Hound's Complaint do not require a response. To the extent a response is necessary, the allegations are denied.

31.     The allegations of paragraph 31 of Helpful Hound's Complaint do not require a response. To the extent a response is necessary, the allegations are denied.

32.     The allegations of paragraph 32 of Helpful Hound's Complaint do not require a response. To the extent a response is necessary, the allegations are denied.

33.     The City Defendants admit that they have taken affirmative action against Helpful Hound regarding its use and registration of the St. Roch Market mark; however, the City Defendants deny that they "wrongly" claim infringement by Helpful Hound.

34.     The City Defendants admit that they claim that Helpful Hound's registration of the St. Roch Market mark was improper; however, the City Defendants deny that they "wrongly" claim improper registration by Helpful Hound.

35.     The allegations of paragraph 35 of Helpful Hound's Complaint do not require a response. To the extent a response is necessary, the City Defendants admit that they have brought

a suit against Helpful Hound and its principals and related entities for infringement among other causes of action.

36.     The allegations of paragraph 36 of Helpful Hound's Complaint do not require a response. To the extent a response is necessary, the allegations are denied.

37.     The allegations of paragraph 37 of Helpful Hound's Complaint do not require a response. To the extent a response is necessary, the allegations are denied.

38.     The allegations of paragraph 38 of Helpful Hound's Complaint do not require a response. To the extent a response is necessary, the City Defendants deny that Helpful Hound's registration of the St. Roch Market mark was proper.

39.     To the extent that any allegations made in the Complaint are not contained in a numbered paragraph, including but not limited to the demand for relief, such allegations are denied.

## COUNTERCLAIM

1.     The City and NOBC hereby incorporate by reference herein all factual allegations made in their Complaint filed on April 4, 2018. Civil Action No. 18-3594, R. Doc. 1.

2.     The City and NOBC hereby incorporate by reference all affirmative causes of action set forth in their Complaint. *See id.*

Dated: May 15, 2018.

                                        Respectfully submitted,

                                            /s/ Kerry A. Murphy
                                        Kerry A. Murphy, T.A. (La. Bar No. 31382)
                                        Catherine E. Lasky (La. Bar No. 28652)
                                        LASKY MURPHY LLC
                                        715 Girod Street, Suite 250
                                        New Orleans LA 70130
                                        Telephone: (504) 603-1500
                                        Facsimile: (504) 603-1503
                                        *Attorneys for Plaintiff New Orleans Building Corporation*

                                        And

                                        Sunni LeBeouf (La. Bar No. 28633)
                                        CITY ATTORNEY
                                        Cherrell Simms Taplin (La. Bar No. 28227)
                                        SENIOR CHIEF DEPUTY CITY ATTORNEY
                                        Jesse Alexander Chasick (La. Bar No. 36827)
                                        ASSISTANT CITY ATTORNEY
                                        City of New Orleans
                                        Law Department
                                        1300 Perdido Street, Suite 5E03
                                        New Orleans, Louisiana 70112
                                        *Attorneys for Plaintiff the City of New Orleans*


## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record on this 15th day of May, 2018.

                                            /s/ Kerry A. Murphy